FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

SEP 27 2021

MITCHELL R. ELFERS
CLERK OF COURT

7:40 am

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          CR No. 19-1379 KG
                                                                                             Civ No. 21-0812 KG-SMV

JORGE NEVAREZ-LEDEZMA,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Jorge Nevarez-Ledezma's Motion for Hardship Credit for Hard Time Served (Motion). (CV Doc. 1). Petitioner seeks two days of sentence credit for every one day of "hard time" he serves in prison. Having reviewed the record and applicable law, the Court will deny the Motion.

I. *Background*

On June 25, 2019, Defendant signed a Rule 11(c)(1)(C) Plea Agreement in CR No. 19-1379 KG. He pled guilty to possession with intent to distribute methamphetamine (21 U.S.C. § 841(a)(1) and using a firearm during that crime (18 U.S.C. § 924(c)). (CR Doc. 26). The Court sentenced him to 72 months incarceration, followed by 5 years of supervised release. (CR Doc. 36). Judgment was entered on October 8, 2019. *Id.* The following year, Defendant filed a Motion to Vacate Convictions Under 28 U.S.C. § 2255. (CR Doc. 40). The Court rejected most Section 2255 claims, with one exception. (CV Doc. 12) in Civ. No. 20-1144 KG-KRS. Magistrate Judge Sweazea will hold an evidentiary hearing on Plaintiff's claim that counsel failed to file an appeal. *Id.*

Defendant filed the instant Motion on August 23, 2021, while the Section 2255 case was

pending. (CV Doc. 1). He contends the conditions of confinement at the Giles W. Dalby Correctional Facility constitute cruel and usual punishment. He allegedly spent 420 days in lockdown; the water is discolored; and he has limited access to medical care or hygiene supplies. (CV Doc. 1) at 2-3. Based on these issues, Defendant asks the Court to reduce his sentence and award two days of credit for every one day served. His current projected release date is May 1, 2024. *See* https://www.bop.gov/inmateloc/.

*II. Discussion*

District courts do "not have inherent power to resentence defendants" or modify criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a Defendant's sentence ... in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* There is no federal statute that permits shorter sentences for inmates serving "harder" time in certain prisons. *See U.S. v. Herrera*, 2018 WL 6171888, at *1 (D.N.M. Nov. 26, 2018) (denying identical motion for hard time served); *U.S. v. Green*, 2021 WL 1929552, at *1 (S.D. Ga. May 13, 2021) (same); *U.S. v. Mitchell*, 2021 WL 1827202, at *1 (E.D. Mich. May 7, 2021) (same); *U.S. v. Huy Trinh*, 2017 WL 2242683, at *2 (N.D. Cal. May 23, 2017) (same); *U.S. v. Bear*, 2021 WL 1925488, at *1 (D.S.D. May 13, 2021) (there is "no federal statute ... that would allow a prisoner to receive two days credit for each day served on a sentence due to the conditions of confinement"). Hence, the Court must deny the Motion. The Court will also enter judgment closing the civil case, as the Motion was opened under the catch-all habeas code (28 U.S.C. § 2241).

If Defendant wishes to "challenge[] his conditions of ... confinement," he "must do so through a civil rights action" in the District of confinement. *Palma-Salazar v. Davis*, 677 F.3d

1031, 1035 (10th Cir. 2012). The Giles W. Dalby Correctional Facility is located in Garza County, in the Northern District of Texas, Lubbock Division. *See* 28 U.S.C. § 124(a)(7). The Clerk's Office will mail Defendant a form civil rights complaint, if he wishes to file such action in Texas.

IT IS ORDERED:

1. Defendant's Motion for Hardship Credit for Hard Time Served (CV Doc. 1) is denied.

2. If Defendant wishes to challenge his conditions of confinement, he must file a civil rights complaint in Northern District of Texas, Lubbock Division. The Clerk's Office shall mail Defendant a blank civil rights complaint for filing in Texas.

3. The Court will enter a judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE